UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.:  5:09CV272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF AKRON, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On June 3, 2013, the Court overruled the parties' objections and appointed an expert to review this matter. On January 15, 2014, Professor Craig Johnston submitted his report, subject to minor grammar edits. On January 17, 2014, Professor Johnston submitted his final report incorporating those minor edits. Based upon that report, the Court is prepared at this time to approve the parties proposed consent decree.

Initially, the Court would note that it has been aware by the filings of the parties that the City of Akron has sought to vacate the limited remand in this matter, asking the Sixth Circuit to resume jurisdiction over the matter. The Court is also aware that the EPA has opposed the grant of such relief.

As of this date, the limited remand remains in effect and therefore this Court has jurisdiction to consider the parties' request for relief. Moreover, as the Court is now prepared to approve the consent decree, the appeal may very well be moot by virtue of this order.

1

### I. Litigation History

The Court has reviewed the proposed consent decree in extensive detail in its prior denying the parties' initial motion to enter the decree. At that time, the Court expressed its concerns related to the decree and the lack of a long-term control plan ("LTCP"). These concerns were noted particularly in light of the long period of negotiations, spanning a decade or more, that were unsuccessful and left Akron without a LTCP Update. However, subsequently, during the pendency of the appeal, the parties at long last negotiated a LTCP update and sought indicative relief from the Court. In granting that request, the Court indicated that it would take a fresh look at the matter under these new facts. As a result, the Sixth Circuit granted a limited remand for this Court to reconsider its prior order in light of new facts. Following a renewed fairness hearing, the Court found that the parties' had not adequately explained or addressed the Court's concerns and ultimately appointed Professor Johnston in the hopes of clarifying the record. Professor Johnston's report is now before the Court and provides significant clarity to the record.

### II. Standard for reviewing consent decree

The Court has previously explained what steps it must take in analyzing the Consent Decree: "The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington-Fayette Urban County Government*, 591 F.3d 484, 489 (6th Cir. 2010) (citations and quotations omitted). In that respect, the Court should consider "the decree's likely effectiveness as a vehicle for cleansing" the waters at issue. *United States*

*v. Akzo Coatings of America, Inc.*, 949 F.2d 1408, 1437 (6th Cir. 1991).  "[I]n evaluating the efforts of an agency charged with making technical judgments and weighing complex data, [this Court] must give a proper degree of deference to the agency's expertise, yet also ensure that the agency has considered all of the relevant evidence in the record and has acted in the public interest."  *Id.* at 1426 (discussing standard of review under CERCLA) (citation omitted).  Furthermore, this Court must be mindful that there exists a "presumption in favor of voluntary settlement" and that the "presumption is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA[,] which enjoys substantial expertise in the environmental field."  *Id.* at 1436 (citation omitted).  "The court must eschew any rubber stamp approval in favor of an independent evaluation, yet, at the same time, it must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case."  *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).

### III. Analysis

The Court has previously noted that the biggest impediment to the approval of the proposed Consent Decree was the parties' inability to clearly and concisely explain how its terms were reached.  Specifically, the parties had never provided clear explanations on why the duration of the decree varied so far from EPA guidance.  Moreover, the parties had failed to explain in full the funding choices that were explored when examining the financial burden created by the Decree.  The Court finds that both of those deficiencies have been remedied by Professor Johnston's report.

Upon review of the final report, the Court finds that Professor Johnston has provided precisely what this Court has sought since the lodging of the decree in 2010 –

clarity. The record now finally explains, after 3.5 years, why the EPA was willing to extend the degree so far temporally beyond its guidance despite discharges into sensitive areas, namely the Cuyahoga Valley National Park. With the totality of that report in mind, the Court can now conclude that the decree is fair, adequate, and reasonable, as well as consistent with the public interest.

Of course, the Court is mindful that recent events, namely Akron's mid-December 2013 notice, cast some doubt over the parties' continued commitment to the LTCP Update. However, the Court must also note that the parties submitted the proposed Decree on November 13, 2009. At every subsequent hearing, including those conducted following the limited remand, Akron has represented that it has remained in compliance with all of the dates and deadlines in that Decree. Specifically, as recently as the October 23, 2013 teleconference with the Court, there was no indication that Akron was not still in full compliance with the dates and deadlines in the Decree. In essence, for more than 4 years, Akron has treated the Decree and its components as a binding agreement. While the Court may have to resolve in the future whether Akron's purported repudiation of the LTCP Update is valid, it holds the firm belief that some finality with respect to the Decree will only serve to aid all the parties and the environment. Accordingly, despite this uncertainty, the Court hereby GRANTS the parties' renewed motion for entry of the Decree.

IT IS SO ORDERED

January 17, 2014 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT