# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 5:09-cv-00272 |
| | ) |
| v. | ) |
| | ) JUDGE JOHN R. ADAMS |
| CITY OF AKRON, OHIO | ) |
| | ) |
| and | ) |
| | ) |
| THE STATE OF OHIO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## UNITED STATES' STATUS REPORT

On April 22, 2019, this Court issued an Order, directing the parties in this matter to file a Status Report answering a series of questions regarding the City of Akron's compliance with the Consent Decree entered by the Court on January 17, 2014. Docket Number 154. The United States, on behalf of the United States Environmental Protection Agency ("U.S. EPA") respectfully submits this report. Counsel for the State of Ohio ("State") has advised that the State concurs in the answers provided below, and that the State does not anticipate filing a separate report.

**1. When Akron learned that it would not meet the tunnel completion deadline.**

   The United States expects that the City of Akron ("City" or "Akron") will address this question.

2.  **When Akron informed the United States and State of Ohio that it would not meet the deadline.**

The City provided formal notice that it expected to miss the Achievement of Full Operation ("AFO") for the Ohio Canal Interceptor Tunnel ("OCIT") to the United States and State of Ohio by letter dated September 21, 2017. The City had informally raised concerns that it might miss the deadline in conversations with the United States several weeks prior to this. At that time, the City indicated that it expected to complete the project fourteen days behind schedule.

The City sent a follow-up letter regarding the anticipated delay on October 17, 2017, which still contemplated a delay of fourteen days. After this, the United States requested regular updates from the City regarding the status of the project and anticipated completion date. The City has provided the requested update notices, which have detailed further and increasing delays. The most recent update the City provided to the United States and State of Ohio, dated March 27, 2019 and received by the United States on April 10, 2019, describes delays anticipated by the City's contractor as of February 28, 2019. It indicates that the City expects the OCIT AFO date to be October 17, 2019. This is 290 days behind schedule.

3.  **Details surrounding the parties' discussions over supplemental projects that would be designed to alleviate some portion of the harm caused by the delay in completion of the tunnel, including the cost and completion date of those projects.**

The parties have had preliminary discussions about projects that the City might agree to undertake to mitigate the environmental impacts of the delay in completion of the OCIT, including during a phone conference on November 8, 2018. At that time, the City took the position that it would be appropriate to "credit" other Long Term Control Plan ("LTCP") Update projects that it completed ahead of schedule. In support of this argument, the City submitted a table of projects that it completed early, and the associated environmental benefits. The United States requested that the City provide specific proposals to address the environmental impacts associated with the delay.

On April 23, 2019, the City proposed a stream restoration project that it believes would assist in mitigating the impacts of the OCIT delay. The United States is reviewing this proposal. Because the length of the delay and its associated environmental impact remain uncertain, it is difficult to agree that this, or any, specific project would fully address the environmental impacts of the delay. We are continuing to explore with the City avenues in which potential projects with a nexus to the harms associated with the delay could mitigate some of the environmental impacts.

4. **Any identifiable environmental effects of the delay including any overflow events that have occurred after the December 31, 2018 deadline.**

Akron's failure to complete construction of the OCIT by the December 31, 2018 deadline will result in a large number of CSOs from Racks 4, 16-20, 23-24 and 37 that would not have occurred had the OCIT been completed by December 31, 2018. The United States expects that this will result in the discharge of hundreds of millions of gallons of untreated combined sewage that would not have otherwise been discharged. One way to approximate the effect of the delay is to use Akron's hydraulic modelling, which has served as the basis for the LTCP Update's design and performance criteria.

According to modelling information provided by Akron in a document entitled "City of Akron Integrated Plan, July 31, 2015," prior to construction of the OCIT, Akron predicted that it would have discharged in the typical year 7.5 million gallons of untreated combined sewage from Racks 4 and 37 and 472.6 million gallons of untreated combined sewage from Racks 16-20 and 23-24.

Akron's modelling information also shows that, if the City constructs the OCIT in accordance with the LTCP's Design Criteria and achieves the typical year Performance Criteria of 0 CSOs for Racks 4 and 37 and no more than 7 CSOs for Racks 16-20 and 23-24, then Akron would discharge in the typical year zero gallons of combined sewage from Racks 4 and 37 and 191.1 million gallons of combined sewage from Racks 16-20 and 23-24. Akron's modelling also shows that, prior to the completion of the OCIT, CSOs occur from one or more OCIT-related racks as many as 53 times in the typical year, and that the OCIT should reduce the number of those occurrences down to 7 or

3

fewer. Thus, based on the typical year, Akron's delay in completing the OCIT – if it lasts an entire year – would result in 46 additional times when CSOs from one or more Racks associated with the OCIT occur, resulting in the discharge of 289 million gallons more of untreated combined sewage than would have been discharged had the OCIT been completed on time.

Of course, the actual numbers and volumes of overflows that occur because Akron did not complete the OCIT on time may differ from the typical year projection due to several factors, including the total length of the delay (Akron currently projects that it will be nearly 10 months, not an entire year), how 2019 precipitation patterns and amounts compare to the typical year, and whether the OCIT's actual performance meets or exceeds the level of control that was originally expected. Once the OCIT has been completed and Akron has had time to update and calibrate its hydraulic model to reflect how the OCIT is actually performing, Akron will be able to determine more accurately the additional number of CSO events and additional volume of CSO discharge that occurred because of the delay.

5. **Whether the performance criteria for the tunnel – "No more than 7 CSOs --- Racks 4 and 37: 0 CSOs – has been met in 2019."**

As a technical matter, the parties cannot answer this question yet. In order to assess compliance with performance criteria, the United States will need to assess Akron's typical year post-construction hydraulic modelling, the process of which is described in the Post Construction Monitoring Program requirements in Attachment B to the Consent Decree. This, by necessity, requires that the OCIT be constructed and operational first. Specifically, once the LTCP Update measures have been implemented, Akron is required to perform extensive sewer system monitoring and update and calibrate its sewer system hydraulic model to ensure that the model adequately reflects how Akron's sewer system performs following implementation of the LTCP Update. Then, Akron must run the updated and calibrated model using the typical year rainfall data that was used in developing the LTCP Update to determine whether Akron's sewer system achieved the Performance Criteria. Thus, it is premature to determine whether the

Performance Criteria have been met. That said, if Akron were to perform the hydraulic modelling exercise described above now, the United States and State of Ohio are confident that it would show that Akron has not achieved the Performance Criteria.

6. **The expected final completion and full operation date of the Ohio Canal Tunnel.**

    The City's most recent notice to the United States, dated March 27, 2019, predicts that the OCIT will be completed by October 17, 2019, which would be 290 days behind schedule. Counsel for the City of Akron has advised the undersigned, however, that further delay is likely.

7. **Whether the United States and State of Ohio have calculated and/or imposed the stipulated penalties contained in the Decree.**

    Upon receipt of the City's March 27, 2019 project update, the United States calculated the stipulated penalties that could apply under paragraph 35 of the Consent Decree, if the City met an AFO date of October 17, 2019. That amount is $1,285,000. The penalties began to accrue on the day after the performance was due (here the AFO date), regardless of whether a demand had been made. *See* Consent Decree ¶ 50. However, the United States has not made a demand for any stipulated penalties under paragraph 49 of the Consent Decree.

    The United States takes very seriously its role in overseeing implementation of the Consent Decree's remedial measures. Together with the State of Ohio, we are evaluating all enforcement options, which may include stipulated penalties or other measures. As we better understand the likely final length of the delay (and the resulting environmental impacts), the United States will decide whether to demand stipulated penalties. The Consent Decree specifies that the decision "to waive, in whole or in part, penalties otherwise due" is left to the discretion of the United States and State and is "not subject to judicial review." Consent Decree ¶ 49.

8. **Whether there has been any other non-compliance, regardless of whether it has been excused by the United States EPA or the Ohio EPA, by the City of Akron.**

5

By way of background, the Consent Decree identifies and describes projects that the City must undertake to address the violations of the Clean Water Act alleged in the United States' amended complaint and the State's crossclaim. Several of these requirements are included in the Consent Decree itself, or in the original attachments thereto. These include early projects required at the City's wastewater treatment plant ("WPCS"), Consent Decree ¶ 10; and Capacity, Management, Operation and Maintenance ("CMOM") requirements, Attachment C to Consent Decree, which prohibit all sanitary sewer overflows ("SSOs") and Combined Sewer System ("CSS") Releases, and direct the City to develop for EPA and OEPA approval a CMOM Program. *Id.* The purpose of the CMOM program is to develop and implement a proactive approach to preventing SSOs and CSS releases, responding to overflow events, investigating capacity constraints, and effectively managing, operating, and maintaining the collection system.

As the Court is aware, the Consent Decree required Akron to develop for approval by the United States and State an LTCP Update, and then implement the approved projects. The LTCP Update sets forth in detail most of the projects and obligations that the City is responsible for completing as part of the Consent Decree, which makes those requirements enforceable by the United States and State. For each project included in the LTCP Update, the parties agreed on several criteria. These include location, general description, design criteria, performance criteria and critical milestones. Critical Milestones include two dates: a date by which the City must put each project out for bids ("Bidding of Control Measure") and an Achievement of Full Operation Date ("AFO," as discussed above). Each one of these criteria is enforceable by the United States and State.

The City has implemented the majority of requirements under the Consent Decree and the LTCP Update, without delay or other non-compliance.[1] However, the United States is aware of several projects for which the City failed to meet either the bid deadline or AFO date included in the LTCP Update.

---

[1] To assess compliance, the U.S. EPA reviews the City's semiannual reports, which are required under Paragraphs 75 and 76 of the Consent Decree. Further, the City is required to submit a separate notice when it "violates, or has reason to believe it may violate, any deadline for any requirement" in the Consent Decree. Consent Decree, ¶ 83.

Deadlines and requirements set forth in the Consent Decree and LTCP Update which the City has not met include:

Mud Run Pump Station

The Mud Run Pump Station project is detailed in Section VIII of the Consent Decree. It has an AFO date of October 15, 2015. The City determined that it would miss this deadline and asserted that this was due to two Force Majeure events, as described in paragraph 56 of the Consent Decree. The United States agreed, and agreed to extend the AFO to January 31, 2016. The City completed the project on January 4, 2016.

Rack 15

Row 6 of the LTCP Update required the City to construct an approximately 1.4MG storage basin to control overflows from Rack 15. The AFO date for the project was October 31, 2015. The City notified the United States and State in advance that it would not meet this deadline. Instead, it completed all work on the basin before February 28, 2016. The United States did not take enforcement action with respect to this delay, taking into account the City's demonstration that, by the original AFO date of October 31, 2015, construction and operation of the basin had sufficiently progressed such that it experienced no overflows during the period of non-compliance.

BioACTIFLO Pilot Study

Exhibit 1 to the LTCP Update lays out the requirements for the BioACTIFLO pilot study. Page 8 of Exhibit 1 presents the sampling requirements, and contemplates the possibility of a two-phase pilot, depending on the number of wet weather events. Akron requested and received approval from U.S. EPA to complete all the testing within Phase 1. Exhibit 1 states that if the study is completed in one phase, the final report was due December 31, 2012. However, in order for Akron to collect and analyze additional samples, the City was permitted to delay submission of the final report. Akron submitted the BioACTIFLO Pilot Study Report to U.S. EPA on February 27, 2013.

SSO and CSS Releases

As noted above, Attachment C to the Consent Decree requires Akron to develop and implement a CMOM Program approved by the United States and State. It also prohibits SSOs and CSS Releases (which are effectively CSO discharges from unpermitted point sources). Despite Akron's implementation of the approved CMOM program, it has continued to experience some SSO and CSS Releases each year. Although these events are noncompliant with the terms of the Consent Decree, and could subject the City to stipulated penalties, the United States has not, to date, pursued enforcement action for these events.

Inaccessible Sewer Segments

As part of the CMOM program, the City is required to "televise" and clean all gravity sewer segments in its system as well as inspect all manholes at least once during every five-year cycle. In conducting the first cycle of inspections and cleaning, the City determined that certain sewer segments were "inaccessible," and would require additional time to inspect and clean. By letter dated October 31, 2014, the United States agreed to a one-year extension for these segments. After working to access the final two segments and one manhole at issue, the City asserted that they remained inaccessible and invoked Force Majeure to excuse completion of the requirement on the identified line segments and manhole. The United States has not taken a position on this Force Majeure claim.

Projects Affected by Proposed Second Amendment

Finally, as described in greater detail below, the United States does not believe that the City of Akron has met the bid deadlines for projects that would be subject to modification by the proposed Second Amendment.[2]

---

[2] During the status conference with the Court on April 18, 2019, undersigned counsel for the United States responded to the Court's question regarding the City's compliance with the Consent Decree. At that time counsel specified that the City was out of compliance with the OCIT deadlines. As noted, this significant non-compliance is the subject of current negotiations between the parties, and the United States has not agreed to alter any deadlines or excuse the delay. In hindsight, based on questions posed later by the Court during the phone conference, and included in the Court's April 22 Order, counsel now understands that the Court may have been asking during the conference about all non-compliance, whether it has been excused or not excused. As described throughout this report, counsel is hereby supplementing the record to explain other known instances of both excused and non-excused non-compliance (including past projects and the projects affected by the proposed Second Amendment),

9. **The current status of the existing projects that the parties seek to modify with the Second Amendment, including whether Akron is in compliance with all deadlines for those projects.**

The City has represented to the United States that it is in compliance with deadlines associated with all projects that are being added as part of the proposed Second Amendment, which has been agreed to by all parties. As discussed below, the United States would not expect the City to seek bids for, or to take other actions to implement, projects that it would no longer be required to construct if the proposed Second Amendment is approved.[3]

> Storage Basin Projects
> Two of the City's proposed storage basin projects, which the United States and State support modifying as part of the proposed Second Amendment, had "Bidding of Control Measures" dates in 2018. Specifically, the LTCP Update required the City to secure bids for the Rack 3 storage basin by June 30, 2018, Row 1 LTCP Update, and the storage basin at Racks 27 & 29 by January 31, 2018. Row 9 LTCP Update. Because the parties had reached agreement on alternatives for these projects by those dates, we understand that the City did not seek bids on the required storage basins, and has not been constructing them since those deadlines passed. The bid deadline for the storage basin required at Racks 26 and 28 is not until October 2021, Row 8 LTCP Update.

As of April 25, 2019, the City has represented that it has met all deadlines for the agreed-upon modified projects, including the Bidding of Control Measures deadlines included in modified Rows 1 and 9.[4]

---

and to identify other potential violations of the Consent Decree that the United States is aware of and will continue to evaluate.

[3] The United States also notes here that it does not agree with the City's assertion that U.S. EPA or Ohio EPA have (or could have) approved of any of the projects that are included in the proposed Second Amendment in accordance with either Exhibit 3 of the LTCP Update or Section V of Attachment A to the Consent Decree.

[4] The City has proposed to increase the size of the storage basin designed to capture flows from Racks 10 & 11. Row 3, LTCP Update. Because design criteria are expressed in the LTCP Update as required minimums, the City did not need to seek approval to increase the size of this storage basin. However, because the City's current model indicates that the increased size of this storage basin is critical to ensuring that other proposed changes will not result in any

WPCS Controls

The Amended Consent Decree requires the City to secure a bid for the BioACTIFLO system by February 28, 2019, and complete construction by December 31, 2021. Row 18, Amended LTCP Update. While we do not believe the City sought bids for a BioACTIFLO system, we understand that the City met the deadline with respect to bids for the BioCEPT system that the parties agreed to include in a proposed Second Amendment to the Consent Decree.

Date:   April 29, 2019_____                    Respectfully submitted,


                                                 FOR THE UNITED STATES OF AMERICA:


                                                 _s/ Bonnie Cosgrove_____
                                                 BONNIE COSGROVE
                                                 Trial Attorney
                                                 Environmental Enforcement Section
                                                 Environment and Natural Resources Division
                                                 United States Department of Justice
                                                 301 Howard St., Suite 1050
                                                 San Francisco, CA 94105
                                                 Phone: (415) 744-0130
                                                 Fax: (415) 744-6476
                                                 Email: bonnie.cosgrove@usdoj.gov


OF COUNSEL:

GARY PRICHARD
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL 60604

---

untreated overflows, the parties agreed to include the requirement for a larger size basin in the proposed modification to the LTCP Update.

SARAH GONZALEZ
Attorney Advisor
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue
Washington, DC 20460

## CERTIFICATE OF SERVICE

  I hereby certify that on April 29, 2019, a copy of the United States' **Status Report** was filed electronically. Notice of this filing will be sent to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Date: <u>April 29, 2019</u>       Respectfully submitted,

               <u>s/ Bonnie Cosgrove   </u>

               BONNIE A. COSGROVE
               Trial Attorney
               Environmental Enforcement Section
               Environment and Natural Resources Division
               United States Department of Justice
               301 Howard St., Suite 1050
               San Francisco, CA 94105
               Phone: (415) 744-0130
               Fax: (415) 744-6476
               Email: bonnie.cosgrove@usdoj.gov