**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 5:09CV272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF AKRON, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On January 27, 2020, the Court issued an order noting that Professor Craig Johnston's role as an expert would continue in this matter. Doc. 266. On February 13, 2020, the United States sought clarification of the Court's order. Doc. 267. The motion to clarify is GRANTED.

Within its request, the United States "seeks clarification of (a) the extent and scope of Prof. Johnston's duties; (b) the processes he will adhere to in presenting any findings to the Court; and (c) the processes that he will adhere to in submitting any requests for compensation to the parties." Doc. 267 at 1.

**Extent and Scope of Professor Johnston's Duties**

Initially, the United States seeks clarification that Professor Johnston's review of compliance is limited to the Ohio Canal Interceptor Tunnel ("OCIT") requirements. While Professor Johnston's focus will undoubtedly be on the OCIT requirements, the

Court will not limit his review as suggested by the United States. If Professor Johnston believes that a review of some past compliance or lack thereof will aid in his understanding of *current* compliance or lack thereof, he may pursue what is necessary to assist in his review. In that same regard, if the parties believe that Professor Johnston's inquiries are unduly burdensome, they may approach the Court at the appropriate time to seek to limit them.

Similarly, the Court does not seek to appoint Professor Johnston for the duration of the Consent Decree. At the same time, the Court cannot give a bright line end date to his appointment. The completion date of the OCIT has moved multiple times and the City of Akron has publicly discussed seeking a third amendment to the Decree. Those activities may affect the duration of Professor Johnston's appointment. Similar to the above, nothing prevents any party from filing a motion with the Court seeking to terminate the appointment at any time and providing information in support.

With respect to Professor Johnston's specific tasks, the Court anticipates that he will request documents from the parties and may seek clarification of those documents as well. It is the Court's expectation that Professor Johnston will utilize his considerable experience, perhaps coupled with others with different, but related experience, to opine on several areas. First, he will examine any and all issues surrounding compliance. Those issues include, but are not limited to, whether the treatment of Akron's noncompliance is consistent with his prior experience with the EPA and whether the noncompliance has a quantifiable impact on Akron's waterways.

**Presentation of Findings**

Upon reaching any opinion on a particular issue, Professor Johnston will generate a written report. If the parties so desire, the Court will make Professor Johnston available to be deposed regarding any of his reports, and the Court will allow the parties to file objections to any portion of any report they desire as well.

**Compensation**

Beginning from today's date, Professor Johnston will submit his requests for compensation to the parties every 60 days. Professor Johnston will submit those requests to the Court, and the requests will be docketed for the parties to review. The parties will be permitted to file objections within 14 days of the request for compensation being docketed. At this stage, the Court cannot place a precise estimate on the time that Professor Johnston may devote to completing his tasks. However, giving the 60-day reporting periods, the parties may revisit this issue upon seeing the extent of the work being performed.

In its order continuing Professor Johnston's appointment, the Court authorized Professor Johnston "to utilize up to two other related professionals to assist in his review. However, none of these professionals will begin work without their credentials first being provided to all parties and all parties being permitted to raise objections on the record." Doc. 266 at 4.

Professor Johnston has identified Eric Schaeffer, former Director of the U.S EPA's Office of Civil Enforcement, and David Pincumbe, a former environmental engineer with U.S EPA with more than thirty years of experience, as professionals that he believes would assist in his expert duties. The resumes of those two individuals are

attached to this order.[1]  The parties may file objections to Professor Johnston's use of these individuals by no later than March 3, 2020.

IT IS SO ORDERED

Date:  <u>February 25, 2020</u>                    <u>*/s/ John R. Adams*</u>
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT

---

[1] The experts' personal addresses and telephone numbers have been redacted from their resumes.