UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.:  5:09CV272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF AKRON, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On March 26, 2020, the Federal EPA issued a document titled "COVID-19 Implications for EPA's Enforcement and Compliance Assurance Program." The memorandum includes the following provisions:

> 2. With respect to consent decrees entered into with the EPA and the U.S. Department of Justice, these documents are agreements and court orders. EPA staff will coordinate with DOJ to exercise enforcement discretion with regard to stipulated penalties for the routine compliance obligations described in paragraph 1 and will also consult with any co-plaintiffs to seek agreement to this approach. **Courts retain jurisdiction over consent decrees and may exercise their own authority**. Parties should utilize the notice procedures set forth in the consent decree, including notification of a force majeure, as applicable, with respect to any noncompliance alleged to be caused by COVID-19.
>
> 3. **Parties should proceed as proposed in their notice** to the EPA (and to DOJ for consent decrees) unless and until contacted by the agency (if an EPA administrative settlement) or DOJ (if a judicial consent decree).

EPA Memorandum at p. 4 (attached hereto as Exhibit 1, emphasis added).

The Court would note that the City of Akron appears to have followed the above guidance by virtue of filing its notice of force majeure on March 27, 2020.  The current force majeure, however, identifies *every existing project* that is under construction **and**

1

*every future project* as items that may be affected by the COVID-19 pandemic.  In that regard, at the time of the force majeure filing, the completion of the Ohio Canal Interceptor Tunnel was 16 months behind the completion date required by the Decree.

Based upon the above, both the federal and state EPA are ordered to file any responsive correspondence related to the force majeure notification.  Further, the federal EPA is instructed to file a brief no later than April 24, 2020 regarding the impact, if any, of the "COVID-19 Implications for EPA's Enforcement and Compliance Assurance Program" memorandum on the Decree.

Additionally, all parties shall file individual status reports on the current state of compliance.[1]  The parties shall detail compliance with any and all existing deadlines in the Decree.  If deadlines have been extended through agreement or through an existing process with the Decree, the parties shall so specify in their status reports.  Moreover, if these extensions have occurred, the parties shall provide any and all correspondence that was created as a result of seeking and/or obtaining such an extension.   The status reports should also include any specific measures taken to calculate the environmental harm stemming from both the existing delay in completing the OCIT as well as the potential harm flowing from any additional requested or approved delays.  In particular, the parties should note any efforts to ascertain the harm to the Cuyahoga River and Cuyahoga Valley National Park caused by the failure to maintain the initial deadlines contained in the Decree.  The status reports shall be filed by no later than April 24, 2020.

IT IS SO ORDERED

Date:  April 10, 2020　　　　　　　　　　　　*/s/ John R. Adams*
　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[1] Given their distinct roles and interests, the U.S. EPA and Ohio EPA shall file separate status reports.