UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 5:09CV272 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF AKRON, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the parties' motions to approve the Third Amendment to the Consent Decree. Docs. 362, 363, and 364. The motions are GRANTED as detailed below.

The Court has previously explained what steps it must take in analyzing the Consent Decree and amendments thereto: "The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington-Fayette Urban County Government*, 591 F.3d 484, 489 (6th Cir. 2010) (citations and quotations omitted). In that respect, the Court should consider "the decree's likely effectiveness as a vehicle for cleansing" the waters at issue. *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1408, 1437 (6th Cir. 1991). "[I]n evaluating the efforts of an agency charged with making technical judgments and weighing complex data, [this Court] must give a proper degree of deference to the agency's expertise, yet also ensure that the agency has considered all of the relevant

evidence in the record and has acted in the public interest." *Id.* at 1426 (discussing standard of review under CERCLA) (citation omitted). Furthermore, this Court must be mindful that there exists a "presumption in favor of voluntary settlement" and that the "presumption is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA[,] which enjoys substantial expertise in the environmental field." *Id.* at 1436 (citation omitted). "The court must eschew any rubber stamp approval in favor of an independent evaluation, yet, at the same time, it must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).

The Third Amendment contains two components. In the first component, the City would reduce the size of the Northside Interceptor Tunnel ("NSIT"). In the companion component, the combined sewer that is tributary to Rack 34 would be separated and the Rack 34 overflow structure would be eliminated. The City has agreed to complete this sewer separation by December 2024, nearly two years earlier than the existing project's completion date of December 2026.

Important to the Court, neither proposed component alters the underlying core aspect of the Consent Decree. Specifically, neither component alters the Decree's current standard that permits zero overflows in a typical year. While the NSIT was originally required to achieve a storage volume of 23 million gallons, the parties agree that other components of the City's updated system have achieved better results than anticipated at the time of the Decree. As a result, the parties agree that reducing the capacity of the

2

NSIT to 10.3 million gallons will still result in zero overflows in a typical year.[1]  As such, the Court finds that such an alteration is fair, adequate, and reasonable, as well as consistent with the public interest.

Similarly, separating the sewer at Rack 34 also fulfills the current standard of zero overflows in a typical year.  Moreover, by moving the completion date of this project up two years, the City will prevent the discharge of nearly 12 million gallons of untreated combined sewage at or near Rack 34.  Moreover, by separating the sewer at Rack 34, water flow into the NSIT will be reduced, lessening any impact of the use of a smaller tunnel.  Finally, eliminating Rack 34 discharges into an area of the Cuyahoga River that the City hopes will become a white-water paddling course will only serve to benefit the public.  Accordingly, the Court finds this component to be fair, adequate, and reasonable, as well as consistent with the public interest.

Based upon the above, the motions to approve the Third Amendment to the Consent Decree is GRANTED.

IT IS SO ORDERED

Date:   November 28, 2023                           /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT

---

[1] The Government also highlighted that only seven additional discharges would have occurred from 2011 to 2021 with the smaller tunnel taking into account actual storm events.  Importantly, those discharges would have occurred at the same time as discharges at other points in the City's system.  In other words, the smaller capacity tunnel would have a negligible impact on discharges even during unusually strong storm events.